IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MONTGOMERY CARL AKERS,**

      **Plaintiff,**

      v.                                CASE NO. 21-3237-SAC

**BARBARA VON BLANCKENSEE,**
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Montgomery Carl Akers, who is currently incarcerated at USP-Marion, brings this *pro se* civil rights case under *Biven v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (Doc.2).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

---

[1] *See Akers v. Watts*, 589 F. Supp. 2d 12 (D.D.C. 2008) (identifying two strikes); *Akers v. Rukosek*, Case No. 09-472-DMS (S.D. Cal. April 28, 2009) (dismissed as a frivolous duplicative action), appeal dismissed (9th Cir. Dec. 4, 2009); *Akers v. Poisson*, 2009 WL 1375167 (D. Me. 2009) (dismissed as stating no claim for relief); *Akers v. Crow*, Case No. 09-3037-RDR (dismissed as frivolous) (D. Kan. March 2, 2009), *affirmed* (10th Cir. Aug. 28, 2009).

1

Plaintiff's allegations in his Complaint are based on claims that he is being denied proper dental care at USP-Marion.  Plaintiff alleges that the Regional Director of the North Central Regional Office of the Federal Bureau of Prisons has ordered the Chief Dental Officer at USP-Marion "not to perform any dental treatment outside of pulling teeth."  (Doc. 1, at 6.)  Plaintiff then claims that the Regional Director and all of the federal judges in the District of Kansas are conspiring and colluding to deny him "preventative" dental treatment.  Plaintiff claims that his condition has worsened into a serious medical/dental concern.  *Id*. at 4.  Plaintiff claims that he needs immediate dental care for his jawbone infection.

Plaintiff is incarcerated at USP-Marion in Marion, Illinois.  Plaintiff seeks injunctive relief—a remedy the Kansas defendants would not be able to provide.  *See Akers v. Flannigan*, Case No. 20-3225-HLT-GEB (D. Kan. Sept. 8, 2020) (report and recommendation at Doc. 4 noting that Kansas defendants could not provide Plaintiff injunctive relief regarding his medical claims).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc.2) is **denied**. Plaintiff is granted until **November 5, 2021,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED.**

**Dated October 13, 2021, in Topeka, Kansas.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.