**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MONTGOMERY CARL AKERS,**

      **Plaintiff,**

      **v.**                            **CASE NO. 21-3237-SAC**

**BARBARA VON BLANCKENSEE,
et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, Montgomery Carl Akers, who is currently incarcerated at USP-Marion, brings this pro se civil rights case under *Biven v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  On October 13, 2021, the Court entered a Memorandum and Order (Doc. 3) denying Plaintiff's motion for leave to proceed in forma pauperis and granting Plaintiff until November 5, 2021, in which to submit the $402.00 filing fee.  This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 4).

Plaintiff asks the Court to reconsider its October 13, 2021 Memorandum and Order. Plaintiff does not address the fact that he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) or the Court's finding that the Complaint fails to show imminent danger of serious physical injury.  Instead, Plaintiff alleges that the undersigned, as well as Court staff and all the other federal judges he named as defendants, are biased and corrupt.  Plaintiff also alleges that the undersigned must be disqualified from hearing this case under 28 U.S.C. § 455(b)(5)(i).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed" and the "motion to reconsider must be

based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3(b).

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3.  Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence.  Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice.  "A judge is not disqualified merely because a litigant sues or threatens to sue him." *Akers v. Weinshienk*, 350 F. App'x 292, 293 (10th Cir. 2009) (unpublished) (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied* 435 U.S. 954 (1978)); *see also Anderson v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table) (stating that Section 455(b)(5)(i) has not been construed by courts as requiring automatic disqualification, and to guard against judge-shopping "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge") (citations omitted); *United States v. Pryor,* 960 F.2d 1, 3 (1st Cir.1992) (stating that "[i]t cannot be that an automatic recusal can be obtained by the simple act of suing the judge") (citations omitted); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him") (citations omitted); *In re Murphy,* 598 F. Supp. 2d 121, 124 (D. Me. 2009).

Plaintiff's motion to reconsider is denied and the Court's Memorandum and Order at Doc. 3 remains in effect.  Plaintiff is cautioned that his filing fee is due by November 5, 2021.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 4) is **denied**.  Plaintiff is granted until **November 5, 2021,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED.**

**Dated November 2, 2021, in Topeka, Kansas.**

<u>**s/  Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**